Humberto M. Guizar, Esq., (SBN 125769)
**LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
3500 W. Beverly Blvd.,
Montebello, California 90640
Tel: (323) 725-1151; Fax: (323) 597-0101
Email: HGuizar@GHCLegal.com

Christian Contreras, Esq., (SBN 330269)
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101
Email: CC@Contreras-Law.com

Attorneys for Plaintiff
ANDREW GOMES

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GOMES,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CALIFORNIA HIGHWAY PATROL OFFICER T. HALL, STATE OF CALIFORNIA, DOES 1 THROUGH 10, Inclusive,<br><br>　　　　　Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Seizure in Violation of the Fourth Amendment to the United States Constitution<br>2. Failure to Summon and Provide Medical Care, in Violation of the Fourth Amendment to the United States Constitution, (42 USC 1983);<br>3. Deliberate Indifference in Violation of the Fourteenth Amendment (42 USC 1983);<br>4. General Negligence;<br>5. Failure to Furnish Medical Care (Cal. Gov. Code§ 845.6);<br>6. Intentional Infliction of Emotional Distress;<br>7. Violations of Civil Code Section 51.7 (Ralph Act);<br>8. Violations of Civil Code Section 52.1 (Tom Bane Act); and<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2. This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

3. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

## PARTIES

4. Plaintiff ANDREW GOMES, is and was, at all times relevant hereto, a resident of the State of California and County of Los Angeles. Plaintiff brings these claims individually on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal civil rights law. Plaintiff ANDREW GOMES also brings these claims as a Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance.

5. Plaintiff is currently ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend the complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

6. Plaintiff does not yet know of the exact names or titles of the individual defendants sued fictitiously as DOES 1-10, inclusive. However, Plaintiff will seek leave to amend this Complaint to allege such names and titles as that information is ascertained.

7. Each of the defendants named herein has caused and is responsible for the unlawful conduct and resulting rights violations suffered by ANDREW GOMES, either through personal participation in the conduct; by acting jointly and in concert with those who did.

8. Whenever and wherever reference is made in a claim for relief to any act or omission by a defendant, such allegation and reference shall also be deemed to mean the acts and omissions of each defendant individually, jointly, and severally. Accordingly, each of the individual defendants is sued in their personal capacities for the harms caused by their acts or omissions.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff ANDREW GOMES is a security guard. On November 30, 2022, at approximately 7:00 PM, Mr. GOMES began experiencing headaches and his vision was becoming blurry, so Mr. GOMES decided to exit the freeway for his safety and the safety of other motorists. After Mr. GOMES exited the freeway, he pulled over to the side of the road to gather himself and attempt to regain his strength, as he believed he was experiencing some sort of medical emergency.

10. While Mr. GOMES was gathering himself, he noticed police lights behind him. Defendant CHP Officer T. HALL, California Highway Patrol ID number 17372, approaches Mr. GOMES' vehicle and Officer T. HALL begins to speak with ANDREW GOMES. At this point in time, ANDREW GOMES remains disoriented and he begins to have a medical emergency, which is objective and visible by defendant HALL. Despite being in an obvious state of distress and visibly sick, Defendant CHP Officer T. HALL detains ANDREW GOMES. Mr. GOMES is then placed in the back of the CHP Officers' patrol vehicle. Mr. Gomes had not committed any crime whatsoever.

11. Plaintiff needed emergency medical assistance and he indeed requested such help, but Defendant CHP Officer T. HALL ignored Mr. GOMES' request for medical help and defendant HALL failed to summon medical care.

12. Instead of taking Mr. GOMES to a hospital immediately, Defendant HALL attempts to book and process Mr. GOMES for a fabricated crime. Mr. GOMES needed immediate medical assistance and no such assistance was provided by Defendant HALL.

13. Eventually, Mr. GOMES passed out, and he was then taken to a hospital. Consequently, Mr. GOMES suffered significant medical complications and he went into a diabetic coma that lasted three days. Mr. GOMES was treated at Goleta Hospital and Santa Barbara Cottage Hospital for the significant injuries he suffered as a result of the actions of Defendant CHP Officer T. HALL.

14. Plaintiff was not engaging in any violent behavior, was not presenting a danger to any member of the public, and he was not engaging in any conduct which required Defendant HALL to detain him and arrest him. Defendant HALL failed to provide emergency medical care to Plaintiff when it was his duty and obligation to do so.

15. Upon information and belief, Defendants DOES 1-5, inclusive, left ANDREW GOMES in the back of the patrol vehicle for a significant amount of time without reasonably monitoring for signs of medical distress.

## FIRST CLAIM FOR RELIEF

**Unlawful Seizure in Violation of the Fourth Amendment**

**to the United States Constitution**

**(By Plaintiff ANDREW GOMES as Against California Highway Patrol OFFICER T. HALL and DOES 1 through 5)**

16. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

17. Plaintiff alleges that Defendants OFFICER T. HALL and DOES 1-5, deprived ANDREW GOMES of his right to be secure in his person against unreasonable searches and seizures as guaranteed to ANDREW GOMES under the

Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

18. The touchstone of the Fourth Amendment is reasonableness and the detention and arrest of ANDREW GOMES was fundamentally unreasonable and in violation of ANDREW GOMES's Fourth Amendment right to be secure in his person against an unreasonable searches and seizures.

19. On November 20, 2022, Defendants HALL, and DOES 1-5, inclusive, acting in their individual and/or representative capacities, in the course and scope of their employment with CHP, acting under color of law, violated the constitutional rights of ANDREW GOMES when they detained and arrested Plaintiff without probable cause, and also placed ANDREW GOMES in a position which caused him to have a diabetic attack.

20. When Defendants HALL and DOES 1-5, inclusive, placed Plaintiff in a position which caused a diabetic attack. Therefore, the detention and arrest of Plaintiff by Defendants HALL, and DOES 1-5, inclusive, was objectively unreasonable and therefore in violation of the Fourth Amendment.

21. Plaintiff ANDREW GOMES by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining, and prosecuting this action under 42 U.S.C. Section 1988.

22. The conduct of Defendants HALL and DOES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of ANDREW GOMES, and therefore warrants the imposition of exemplary and punitive damages as to defendant HALL, and defendants DOES 1-5, inclusive.

## SECOND CLAIM FOR RELIEF

**Failure to Summon and Provide Medical Care,**

**Violation of the Fourth Amendment to the United States Constitution**

**(By Plaintiff ANDREW GOMES, Against California Highway Patrol OFFICER T. HALL DOES 1 through 5)**

23. Plaintiff hereby realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

24. Claims for the denial of medical assistance after an arrest are analyzed under the Fourth Amendment. *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1098 (9th Cir. 2006). Officers must provide objectively reasonable post-arrest care to an apprehended suspect. *Id.* "Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Tatum v. City and County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1099 (citing *Graham v. Connor,* 409 U.S. 386 (1989). 441 F.3d at 1098).

25. Upon information and belief, on November 30, 2022, after it was clear that ANDREW GOMES needed medical care, Defendants HALL and DOES 1-5, inclusive, failed to summon medical care. Indeed, given that ANDREW GOMES was subjected to a false arrest and was placed in a position which caused plaintiff to need emergency medical care. However, despite ANDREW GOMES's obvious need for medical assistance, Defendants HALL and DOES 1-5, inclusive, failed to summon medical care in violation of the Fourth Amendment.

26. Therefore, Defendants HALL and DOES 1-5, inclusive, caused the injuries Plaintiff sustained because of the failure of defendants to be provident to his obvious medical crisis, as stated above. By virtue of their misconduct, Defendants HALL and DOES 1-5, inclusive, are liable for ANDREW GOMES's injures caused by the delay in medical care, either because these Defendants were integral participants in the failure to summon medical care, or because they failed to intervene to prevent these violations. Accordingly, Defendants HALL and DOES 1-5, inclusive, are liable for all damages recoverable under 42 U.S.C. Section 1983. Plaintiff ANDREW GOMES by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be

incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

27. The conduct of Defendants HALL and DOES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of ANDREW GOMES and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-5, inclusive.

### THIRD CLAIM FOR RELIEF

**Deliberate Indifference to Plaintiff's Need for Medical Care in Violation of the Fourteenth Amendment to the United States Constitution (42 USC 1983);**

**(By Plaintiff ANDREW GOMES, Against California Highway Patrol OFFICER T. HALL and DOES 1 through 5)**

28. Plaintiff hereby realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

29. By the actions and omissions described above, Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, as alleged herein, violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution: Plaintiff's right to be free from deliberate indifference to Plaintiff's serious medical and mental health needs while in custody as a pretrial detainee as secured by the Fourth and/or Fourteenth Amendments.

30. More specifically, it was obvious as soon as Plaintiff was taken into custody that he needed medical care. However, despite Plaintiff's need for medical care, Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, failed to provide Plaintiff with any medical care. Consequently, soon after Plaintiff was taken into custody his medical condition deteriorated to such an extent that he suffered a diabetic coma.

31. By the actions and omissions described above, Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, as alleged herein,

including but not limited to their failure to provide Plaintiff with appropriate emergency medical care, constituted deliberate indifference to Plaintiff's serious medical and mental health needs, health, and safety.

32. As a direct and proximate result of Defendants' conduct, the civil rights of Plaintiff, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, Plaintiff experienced physical pain, severe emotional distress, and mental anguish, and other damages alleged herein.

33. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

34. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages.

35. The conduct of the individual Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants State of California or its subdivision California Highway Patrol.

36. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## FOURTH CLAIM FOR RELIEF

**General Negligence**

**(By Plaintiff ANDREW GOMES, As Against California Highway Patrol OFFICER T. HALL and DOES 1 through 5)**

37. Plaintiff hereby realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

38. At all times herein mentioned, Defendants, and each of them, had a duty to refrain from engaging in actions in which there was a lack of due care as to Plaintiff's safety and physical security.

39. At all times herein mentioned, California Highway Patrol OFFICER T. HALL and DOES 1 through 5 inclusive, failed to exercise due care and breached their duty of due care by allowing Plaintiff to suffer from a medical condition that required immediate medical intervention by health care providers.

40. It was reasonably foreseeable to the defendants that Plaintiff's medical condition would worsen without proper medical intervention by health care professionals.

41. Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, breached their duty of due care owed to Plaintiff by failing to provide Plaintiff with necessary medical care.

42. The negligent actions of the Defendants also inflicted severe emotional distress to Plaintiff.

43. On the dates stated above, Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5 inclusive, negligently breached their duty of due care to Plaintiff thereby proximately causing Plaintiff to be injured.

44. As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

45. Serious and severe personal injuries.

46. Expenses for medical procedures, medical care, and treatment.

47. Loss of earnings capacity.

48. General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities.

49. Expenses for future medical care, treatment, and healing; and

50. Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

**COMPLAINT FOR DAMAGES**

51. The actions of Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, was grossly negligent in that it was malicious, willful, oppressive, and committed with a conscious disregard of Plaintiffs rights and safety and with an intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud, or malice in violation of Civil Code Section 3294. Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5 thereby directly caused injury and damage to Plaintiff that entitles Plaintiff to punitive damages as to Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5 only.

## FIFTH CLAIM FOR RELIEF

**Failure to Furnish Medical Care (Cal. Gov. Code§ 845.6);**

**(By Plaintiff ANDREW GOMES, Against California Highway Patrol OFFICER T. HALL and DOES 1 through 5)**

52. Plaintiff hereby realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

53. Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5 had personal knowledge that Plaintiff was in immediate need of medical care when defendant California Highway Patrol OFFICER T. HALL and DOES 1 through 5 initially interacted with Plaintiff and then formally placed Plaintiff under arrest. They were aware during this period of interaction that plaintiff was in immediate need of medical care because Plaintiff was convulsing and going into shock from a diabetic attack, and defendant HALL was watching Plaintiff having those objective symptoms. Furthermore, moments prior to defendant HALL formally placing Plaintiff under arrest Plaintiff informed defendant HALL that he was diabetic and that he was having a diabetic reaction. Despite the fact Defendant HALL observed Plaintiffs symptoms, defendant HALL refused to believe Plaintiff and instead he believed that Plaintiff was under the influence of alcohol. Defendant HALL then refused to furnish or obtain medical care for Plaintiff. Consequently, the Plaintiff suffered a Diabetic coma, which caused Plaintiff severe physical and emotional harm.

54. Cal. Gov. Code§ 845.6, specifically provides; "Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care. Therefore, defendant HALL and DOES 1 through 5 are liable for the injuries sustained by Plaintiff because of said defendants' failure to furnish Plaintiff with medical care when he had an immediate need.

55. As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, Plaintiff sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows: Serious and severe personal injuries, Expenses for medical procedures, medical care, and treatment, Loss of earnings capacity, General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities, Expenses for future medical care, treatment, and healing; and Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

56. The conduct of Defendants HALL and DOES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of ANDREW GOMES and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-5, inclusive

## SIXTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress (By Plaintiff ANDREW GOMES, Against California Highway Patrol OFFICER T. HALL and DOES 1 through 5)**

57. Plaintiff hereby realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

58. This action is brought pursuant to §§ 820 and 815.2 of the Government Code. Pursuant to §§ 820 and 815.2 of the California Government Code, Defendants CITY, and DOES 1 through 10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

59. As described above, the conduct of Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, was extreme and outrageous, and undertaken intentionally and/or with reckless disregard for the likelihood of causing Plaintiff to suffer extreme emotional distress.

60. As a direct and proximate result of Defendants extreme and outrageous conduct, Plaintiff has incurred substantial harm in that he has suffered and will continue to suffer severe emotional distress, humiliation, depression, loss of reputation, damaged relationships, and physical and mental pain, all in a sum according to proof within the jurisdictional limits of this Court.

61. As a direct and proximate result of said tortious acts, and/or omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

62. Serious and severe personal injuries.

63. Expenses for medical procedures, medical care, and treatment.

64. Loss of earnings capacity.

65. General damages for pain, suffering, anguish, discomfort, severe

66. emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities.

67. Expenses for future medical care, treatment, and healing; and

68. Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

69. Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, engaged in the acts alleged above maliciously, willfully, and oppressively,

**COMPLAINT FOR DAMAGES**

and with the specific intent to harm Plaintiff. Furthermore, said Defendants engaged in this referenced conduct with a conscious disregard of Plaintiff's rights and safety and with the specific intent to vex, injure, or antagonize Plaintiff such as to constitute oppression, fraud, or malice under California Civil Code Section 3294. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants misconduct, in accordance with the intended purpose of the given statute.

## SEVENTH CLAIM FOR RELIEF

**Violations of Civil Code Section 51.7 (Ralph Act); (By Plaintiff ANDREW GOMES, Against California Highway Patrol OFFICER T. HALL and DOES 1 through 5)**

70. Plaintiff hereby realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

71. This claim for relief against California Highway Patrol OFFICER T. HALL and DOES 1 through 5, and each of them, is brought pursuant to Section 51.7 of the California Civil Code and Sections 820 and 815.2 of the California Government Code. As a public employee respectively, Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5 are liable for injuries caused by their acts and/or omissions to the same extent as private persons or entities.

72. On November 30, 2022, Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, used violence and intimidation against Plaintiff based on his protected characteristic of being a person of color.

73. Upon information and belief, a substantial and motivating reason for Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, use of violence and intimidation was because of Plaintiffs protected characteristic of being a man of color. Defendants reckless disregard of Plaintiff's rights was accompanied by ill will or spite, and was executed with particular harshness and unnecessary severity, warranting punitive damages.

74. As a direct and proximate result of said tortious acts and/or omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

75. Serious and severe personal injuries.

76. Expenses for past medical procedures, medical care, and treatment.

77. Loss of earnings capacity.

78. General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities.

79. Expenses for future medical care, treatment, and healing.

80. Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

81. Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, engaged in the acts alleged above maliciously, willfully, and oppressively, and with the intent to harm Plaintiff. Said Defendants engaged in despicable conduct and acted with a conscious disregard of Plaintiff's rights and safety with an intent to vex, injure, or antagonize Plaintiff such as to constitute oppression, fraud, or malice under California Civil Code Section 3294. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5 misconduct, in accordance with the intended purpose of the given statute.

82. Plaintiff is also entitled to compensatory damages according to proof, including those permitted by Civil Code § 51.7, punitive and exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by Civil Code §§51.7 and 52, and any other additional relief that the court deems proper.

///

///

///

# EIGHT CLAIM FOR RELIEF

**Violations of Civil Code Section 52.1 (Tom Bane Act); (By Plaintiff ANDREW GOMES, Against California Highway Patrol OFFICER T. HALL and DOES 1 through 5)**

83. Plaintiff hereby realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

84. At all times herein mentioned, Plaintiff ANDREW GOMES had a civil right, pursuant to the California Government Code and pursuant to California Civil Code Section 43, to be free from an unlawful and unprivileged harmful contact with his person by a government entity and/or public employee. California Civil Code Sections 52 and 52.1(a)(b), protect Plaintiff from an interference and violation of rights secured by the Constitution of the United States and Constitution and laws of California, including but not limited to, the right to be free from an unlawful arrest or detention.

85. California Highway Patrol OFFICER T. HALL and DOES 1 through 5ON, in the course and scope of their employment with the State of California acted with intent and with a motivation of hate, and with the use of threats, intimidation and/or coercion, violated Plaintiff's State Constitutional rights.

86. Plaintiff claims Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5, in the course and scope of their employment with the State of California, intentionally interfered with Plaintiff's civil rights by threats, intimidation, or coercion.

87. As a direct and proximate result of said tortious acts, and omissions or conduct of the defendants Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

88. Serious and severe personal injuries.

89. Expenses for medical procedures, medical care and treatment.

90. Loss of earnings capacity.

15
**COMPLAINT FOR DAMAGES**

91.  General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities.

92.  Expenses for future medical care, treatment, and healing.

93.  Attorneys' fees, costs and expenses or this California Civil Code Section 52.1, Bane Act Claim; and;

94.  Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

95.  Defendants California Highway Patrol OFFICER T. HALL and DOES 1 through 5,, engaged in the acts alleged above maliciously, willfully, and oppressively, and with the intent to harm Plaintiff. Said Defendants engaged in despicable conduct and acted with a conscious disregard of Plaintiff's rights and safety with an intent to vex, injure, or annoy Plaintiff such as to constitute oppression, fraud, or malice under California Civil Code Section 3294. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of these individual Defendants.

## REQUEST FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter a judgment as to Defendants as follows:

A) General Damages in an amount subject to proof;

B) Non-Economic Damages according to proof;

C) Special damages for medical expenses;

D) Punitive damages as to individual peace officer defendants;

E) Attorney's fees pursuant to State Law (C.C.P. § 1021.5, Private Attorney General Doctrine, Civil Code § 42) and Federal Law (42 USC 1988);

F) A multiplier of damages, including treble damages, pursuant to Civil Code § 52;

G) Penalties pursuant to Civil Code § 52;

H) Interest; and all other remedies to the full extent of the law.

Dated: January 9, 2024       **LAW OFFICES OF HUMBERTO GUIZAR**
                             **A PROFESSIONAL LAW CORPORATION**


                             By:  */s/ Humberto Guizar*
                                  Humberto Guizar, Esq.
                                  Attorneys for Plaintiff,
                                  ANDREW GOMES

**DEMAND FOR JURY TRIAL**

Plaintiffs, ANDREW GOMES hereby makes a demand for a jury trial in this action.

Dated: January 9, 2024  **LAW OFFICES OF HUMBERTO GUIZAR**
A Professional Law Corporation

By: */s/ Humberto Guizar*
Humberto Guizar, Esq.
Attorneys for Plaintiff,
ANDREW GOMES